# IN THE COURT OF APPEALS OF IOWA

No. 21-0134
Filed November 23, 2021

**MARIAH DAWN ARNESON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Carl D. Baker,
Judge.

The applicant appeals the summary dismissal of an application for
postconviction relief. **AFFIRMED.**

Lanny M. Van Daele of Van Daele Law, LLC, North Liberty, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney
General, for appellee State.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**SCHUMACHER, Judge.**

Mariah Dawn Arneson appeals the summary disposition of her postconviction-relief (PCR) application. We find the district court properly granted the State's motion based on the record. We also find Arneson's claim of actual innocence was not preserved for our review. Accordingly, we affirm.

## I. Facts & Proceedings

Arneson was charged with three separate felony cases in February and March 2018. The charges included forgery, theft, and robbery. Arneson filed a notice to plead guilty to three amended charges on June 14, 2018. A hearing was held the same day. During the plea hearing, Arneson backtracked and told the district court she had been forced to commit the robbery that formed the basis of one of her charges. The following exchange occurred between the district court and Arneson:

> COURT: And my understanding is that you may have been with some other individuals that day who were involved in a robbery out in Coralville. Is that—Were with you some other individuals at a place out in Coralville?
> DEFENDANT: Yes. I was actually forced to do it.
> COURT: Okay. So you didn't—you didn't do this yourself? You were forced to do it is what you are saying?
> DEFENDANT: Yes.
> COURT: Then I think we're at a standstill here so I can't accept your guilty plea if— I mean, if you are not—if you are claiming you were forced, that would be a defense to the crime, and I think we're at a standstill here today.

The court recessed the proceedings and allowed Arneson and her attorney time to confer off the record. After reconvening, Arneson's attorney informed the court Arneson would continue with the plea-taking proceedings. Another discussion took place between the court and Arneson:

COURT: All right. I'm a little concerned because just less than ten minutes ago, you told me you were forced. You know, I don't want this to be a situation where five weeks from now, ten weeks from now, half a year from now, or a year from now you are going to be claiming that this whole plea proceeding should not have happened because you were forced into pleading guilty to something that you claim you were forced to do. I said forced there twice but, you know, I don't want you to be claiming later this was a mistake. So in your own words, why don't you tell me what's changed in the last ten minutes and why should we do this today.

DEFENDANT: Because I was guilty.

COURT: So you weren't forced?

DEFENDANT: Yeah.

COURT: I'm sorry?

DEFENDANT: Yes.

COURT: You were or were not?

DEFENDANT: I was not.

COURT: Okay. And I want to make sure. Is anybody pressuring you or threatening you in any way to change your mind about that?

DEFENDANT: No.

COURT: You are doing this—This is your own choice?

DEFENDANT: Yes.

The court accepted Arneson's plea and scheduled the case for sentencing.[1]

Arneson filed a motion in arrest of judgment prior to sentencing, claiming the court overlooked evidence indicating she suffered abuse by a co-defendant and only participated in the underlying criminal acts "purely out of fear for [her] life as well as family." As a result, Arneson claimed her plea was not voluntary. At the sentencing hearing, the court asked Arneson if she wished to pursue her motion in arrest of judgment. After consulting her attorney and her mother, Arneson withdrew the motion. The court again had a discussion with Arneson:

---

[1] Arneson's plea resulted in her convictions for forgery, in violation of Iowa Code sections 715A.2(1)(c) and 715A.2(2)(a)(3) (2018); theft in the second degree, in violation of sections 714.1(3) and 714.2(2); and robbery in the second degree, in violation of sections 711.1 and 711.3.

4

COURT: Ms. Arneson, do you then wish to withdraw your motion in arrest of judgment and proceed to sentencing?
DEFENDANT: Yes.
COURT: All right. I'm going to ask you that again. I have kind of gone—When we had our original plea hearing, I remember distinctly telling you that I didn't want you changing your mind the next day, and I don't know if it was the next day but you did. You've kind of gone back and forth a lot of times about what you want to do.
DEFENDANT: Yeah.
COURT: You are not going to get another bite at the apple so–
DEFENDANT: I—
COURT: Hold on. I've–If you withdraw your motion in arrest of judgment, we're going to proceed to sentencing. If you want to go forward with your motion in arrest of judgment, I'm inclined to grant it and put you back to where you were. But again, then you have those—I don't know what's going to happen with those charges, but I want to make absolutely sure so I'm going to ask you one more time. Do you want to withdraw your motion in arrest of judgment and proceed to sentencing today?
DEFENDANT: Yes.

The court sentenced Arneson to an indeterminate ten-year term in prison on her robbery conviction, with a requirement that Arneson serve at least five years in prison. She received five-year sentences for both of the remaining two charges. All three charges were run concurrently. Arneson did not file a direct appeal of her convictions.

Arneson filed the instant PCR application on August 26, 2019.[2] Arneson's application alleged her sentence was illegal and there were material facts not presented that requires her sentence be vacated.[3] The application also alleged the State withheld evidence, there was "prejudicial prosecution," and her counsel was ineffective. Arneson amended her application on November 10, 2020,

---

[2] Arneson's initial application was unsigned, so the court required her to refile a signed application, which she did on September 9, 2019.
[3] Arneson only challenges her robbery conviction.

alleging her counsel was ineffective because they "made inaccurate, incomplete, and confusing statements to [Arneson] regarding the possible penalties for the charges against [her]. These statements by counsel induced [Arneson] to initially plead guilty and then to later revoke her motion in arrest of judgment." Additionally, she claimed counsel failed to adequately investigate the case, including her allegations of abuse, and failed to pursue a better plea deal. The State filed a motion for summary disposition, which the court granted. Arneson appeals.

## II.    Discussion

On appeal, Arneson contends summary disposition was improper on two grounds. First, she argues she is actually innocent based on her assertions that her co-defendant and partner forced her to commit the robbery. Second, she claims her counsel was ineffective by failing to properly inform her of the strength of her defense, which led her to unknowingly and involuntarily accept the plea deal and revoke her motion in arrest of judgment.

### A.    Actual Innocence

Arneson contends her sentence is illegal because her co-defendant forced her to participate in the robbery, thus depriving her of the requisite intent and free will required for a conviction; therefore, she is actually innocent. In response, the State argues the issue was not preserved for review. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

Arneson argues an actual-innocence claim has been preserved for our review in that "the issue [sic] illegal sentence was addressed in the motion for

summary judgment, and has been preserved for this appeal." We disagree. Arneson's PCR application raised claims of an illegal sentence, and it asserted evidence existed that was not presented and required her sentence be vacated. As pointed out by the State, the words "actual innocence" do not appear in Arneson's application or her amended application. In her original application, Arneson requested a hearing "on the basis of ineffectual counsel, withholding of evidence in regards to other suspects in the crime by the State, and prejudicial prosecution by the State." Further, her claims in the amended application were limited to ineffective assistance of counsel by her attorney's confusing statements about the potential penalties for her charges and a failure to investigate her case or pursue a better plea. Arneson is correct in noting that error preservation does not turn on "hypertechnical" briefing or challenges, but it does require enough information "to alert the court of the claimed error." *Segura v. State*, 889 N.W.2d 215, 219 (Iowa 2017). Such information is lacking here.

Even if we were to find that Arneson raised the issue of actual innocence in her application or amended application, which we do not, the district court did not rule on the issue in its order granting summary disposition. The court's order is limited to the claim of ineffective assistance of counsel. The district court recited the issues as, "Applicant alleges that she was abused by her ex-boyfriend and co-defendant, she was forced to participate in the robbery, and her previous attorneys failed to raise these issues." The court addressed these allegations as related to her claim of ineffective assistance of counsel, not a freestanding claim of actual innocence.

The court's lack of ruling on the claim of actual innocence renders the issue unpreserved. "When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error on appeal." *Meier*, 641 N.W.2d at 537*; see also Carpenters Constr., Inc. v. State Farm Life & Cas. Co.*, 939 N.W.2d 69, 75-76 (Iowa 2020) (noting that the party who raised an issue not decided by the district court generally must file a motion under Iowa Rule of Civil Procedure 1.904(2) to preserve error). Therefore, error was not preserved on the claim of actual innocence, and we cannot reach the merits.

**B.      Ineffective Assistance of Counsel**

Arneson claims the district court erred in granting summary disposition on the issue of ineffective assistance of counsel due to her attorney's failure to inform her she had a strong defense. We normally review postconviction proceedings, including summary dismissals of PCR applications, for corrections of error at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). However, we review claims of ineffective assistance of counsel de novo. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). "[S]ummary disposition is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show . . . there is no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Schmidt v. State*, 909 N.W.2d 778, 785 (Iowa 2018) (alterations in original) (quoting *Davis v. State*, 520 N.W.2d 319, 321 (Iowa Ct. App. 1994)). We view the record in the light most favorable to the non-moving party. *Id.*

The *Strickland v. Washington* test for evaluating claims of ineffective assistance of counsel applies to guilty plea challenges based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To prevail on a claim of ineffective assistance, applicants need to establish two prongs by a preponderance of the evidence. *Lamasters*, 821 N.W.2d at 866. A "[f]ailure to demonstrate either element is fatal to a claim." *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

First, they must show that counsel breached a duty. *Lamasters*, 821 N.W.2d at 866. A breach of duty is established when the attorney "performed below the standard demanded of a 'reasonably competent attorney.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "We start with the presumption that the attorney performed competently and proceed to an individualized fact-based analysis." *Lamasters*, 821 N.W.2d at 866.

Second, the applicant must demonstrate they suffered prejudice as a result of their counsel's breach of duty. *Id.* Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 695). In the context of ineffective assistance of plea counsel, "the [applicant] must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Doss v. State*, 961 N.W.2d 701, 709 (Iowa 2021) (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The district court found that even assuming Arneson's counsel breached a duty, Arneson could not demonstrate prejudice on the record before it. We agree. The trial court spent significant periods of time explaining Arneson's options, including her defense of being forced to commit the robbery, therefore ensuring Arneson was voluntarily and knowingly entering into the plea. Two exchanges between Arneson and the court in particular stand out.

First, during the guilty plea hearing, the trial court thoroughly developed the factual basis for the conviction. Upon Arneson claiming she was forced to commit the crime, the court informed her that it could not accept her plea because she had a valid defense. The court allowed Arneson and her attorney to discuss the issue. Following that discussion, the court again clarified the factual basis for the conviction and verified Arneson was entering into the plea voluntarily and knowingly. It is clear Arneson understood at the time of the plea that she could assert a defense to the robbery charge. Her decision to forgo that defense and go to trial was based on her informed decision.

Second, during the sentencing hearing, the court provided Arneson additional time to consider pursuing her motion in arrest of judgment, which was premised on her belief her co-defendant made her commit the robbery. Significantly, Arneson, through her attorney, told the judge that she was not pursuing the motion because it put her at risk of serving twenty-five years in prison and would instead "take advantage of the plea agreement."[4] The court told Arneson that it was "inclined to grant" her motion if she chose to pursue it, showing

---

[4] The original charge would have required a twenty-five-year sentence with a mandatory minimum of one-half to seven-tenths of the twenty-five-year sentence.

it was an option available to her. Arneson weighed the risk of a significant prison term against her chances of successfully establishing at trial that she was forced to commit the crime. There is not a reasonable probability that a more thorough exploration of her defense by counsel would have prevented her from taking the plea deal. As such, the court did not err in granting summary disposition on the claim of ineffective assistance of counsel.

**AFFIRMED.**